By the Court,

Nelson, C. J.

We must decide this case without reference to the lease and deed-poll set out in the record by the defendant, as a general demurrer has been put in to both counts without any prayer of oyer. The lease and deed-poll are not properly before the court. 1 Chitty, 415,16 ; 4 Dallas, 436. This we have repeatedly held.
The prayer of oyer, and setting forth the lease and deed-poll preceding the specification of causes of demurrer to the *second [ *638 ] count is irregular and nugatory. The oyer must precede the matter *486 of defence whether that be by plea or demurrer. Regularly it should precede imparlance, but there are precedents which sanction the practice of the entry after, 1 Sound. 3, and 289 ; but if intended to be used by the defendant, it must be brought upon the record before demurrer or plea, so that any discrepancy between it and the declaration, or additional provisions in the instrument may appear, and be reached by the demurrer, or form the subject of the plea.
Mow, upon this view of the pleadings, and the only correct one that can be taken, it is quite clear that the judgment below should be sustained. The only ground of objection to the liability of the defendant, of even any plausibility, is, that upon a reasonable construction of his covenant of suretyship, it cannot be extended beyond the term of one year, as that is the only absolute period fixed in the lease; the continuance beyond depending upon the option of the lessees. Were it necessary to express an opinion upon this question, I think we should be bound to regard it as intended to be co-extensive with the right of occupation by the lessees. The words are broad and unqualified, that he will become surety for the punctual payment of the rent, and performance of the covenants in the lease, to be paid and performed by the lessees, and pay the plaintiff such sums of money as will bo sufficient to make up any deficiency, and fully satisfy the conditions of the lease Without previous notice or demand.
But be this as it may, the second count sets out the lease as for an absolute term of five years from the 1st May, 1835, which avoids this question, and places the case upon a footing that it is impossible to entertain a doubt as to the application of the guaranty or liability of the defendant thereupon.
Judgment affirmed.